**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Francisco Torres, | No. CV-17-08227-PCT-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

This matter is before the Court on *pro se* Petitioner Francisco Torres' ("Petitioner") Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) ("Petition") and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Eileen S. Willett on May 29, 2019 (Doc. 17). Following a sound analysis, Magistrate Judge Willett recommended the Amended Petition be denied and the claims therein be dismissed with prejudice. (*Id.*) The Court has reviewed the Amended Petition (Doc. 7), Respondents' Response to the Amended Petition (Doc. 15), Petitioner's Reply to the Response (Doc. 16), the R&R (Doc. 17), the arguments raised in Petitioner's Objection to the R&R (Doc. 18, 19), and Respondents' Reply to Petitioner's Objection (Doc. 20). For the reasons discussed below, the Court overrules Petitioner's objections and adopts Magistrate Judge Willett's R&R in its entirety.

**I.    Background and Objection**

In the R&R, the Magistrate Judge set forth a concise and accurate summary of this case's background. (Doc. 17 at 1-3). Petitioner does not object to the facts in the R&R.

The Court finds that these facts are supported by the record and incorporates them here. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection"). The Court only summarizes the relevant background facts here for clarity.[1]

The Arizona Court of Appeals described Petitioner's underlying criminal conduct as follows:

> Torres is the father of the victim's three children. On the date of the incident, the victim attempted to leave Torres's home as she and Torres argued. When the victim got outside, Torres grabbed the victim and choked her until she lost consciousness and collapsed to the ground. When the victim regained consciousness, she started to scream. Torres grabbed the victim, dragged her back into his home, and told her he was going to "get rid of" her. Torres eventually got on top of the victim as she lay on the floor and choked her again until she lost consciousness. When the victim regained consciousness, Torres apologized and allowed her to leave, but they continued to argue as she did so.

(Doc. 17 at 2). On August 9, 2013, a jury found Petitioner guilty of kidnapping/domestic violence, aggravated assault/domestic violence, and aggravated domestic violence. (Doc. 17 at 1). He was subsequently sentenced to a total of 11.5 years in prison. (*Id.*) On direct appeal, the Arizona Court of Appeals affirmed his convictions and sentences. (Doc. 15-1 at 115-25). On July 18, 2014, Petitioner filed a notice of post-conviction relief ("PCR") (*Id.* at 126-28). After appointed trial counsel could not find a colorable claim for relief, Petitioner filed a *pro se* PCR Petition. (Doc. 15-2 at 133-99). His PCR Petition was denied by the trial court on August 20, 2015. (Doc. 15-5 at 574-602). On July 27, 2017, the Arizona Court of Appeals granted Petitioner's request for review of the trial court's decision, but denied relief. (*Id.* at 653-55).

Petitioner timely filed a Petition for federal habeas reviewing on November 1, 2017 (Doc. 1). He filed his Amended Petition on March 22, 2018 (Doc. 7). Respondents

---

[1] As the Magistrate Judge did in the R&R, this Court will rely upon the facts as presented by the Arizona Court of Appeals in its memorandum decision on Petitioner's direct appeal. (Doc. 17 at 2). *See also* 28 U.S.C. § 2254(e)(1) (recognizing that the appellate court's stated facts are entitled to the presumption of correctness).

subsequently filed their Response (Doc. 15), and Petitioner filed a Reply (Doc. 16).

## II.     Standard of Review

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, a federal district court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (quoting 28 U.S.C. § 2254). When a magistrate judge issues a R&R on a habeas petition, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" the Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection." *Thomas*, 474 U.S. at 149; *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R."). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

Rule 72(b)(2) also requires "*specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(2) (emphasis added). "Although the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014) (citing *Warling v. Ryan*, 2013 WL 5276367, at *2

(D. Ariz. Sept. 19, 2013) ("[A] general objection 'has the same effect as would a failure to object.'")); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. Sept. 29, 2006) (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). *See also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (finding that "a party must object to [a] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" and citing cases standing for same proposition from the Third, Sixth, Seventh, and Tenth Circuits).

### III. The R&R

Petitioner's Amended Petition raises seven grounds for habeas relief. Magistrate Judge Willett's July 12, 2018, Screening Order describes them as follows:

- **Ground 1:** "Petitioner alleges that he was convicted in violation of due process where no reasonable factfinder could find him guilty of every element of the offenses."
- **Ground 2:** "Petitioner alleges a claim for malicious prosecution in violation of due process."
- **Ground 3:** "Petitioner alleges that he was charged with kidnapping and received a category two repetitive offender enhancement in retaliation for exercising his constitutional rights in violation of due process."
- **Ground 4:** "Petitioner alleges that the state elicited perjured testimony in violation of his due process rights."
- **Ground 5:** "he alleges that the prosecutor engaged in misconduct in violation of Petitioner's due process rights during closing argument."
- **Ground 6:** "he alleges that his First and Fourth Amendment rights were violated by the State."
- **Ground 7**: "Petitioner alleges that he received the ineffective assistance of trial and appellate counsel in several ways."

(Doc. 8 at 2). Ground Seven was addressed and divided by the parties and Magistrate Judge Willett into subparts—(A) through (K). (Doc. 17 at 3).

In reviewing Petitioner's claims, Magistrate Judge Willett found that the claims in Grounds 1, 7(A), 7(D), 7(E), and 7(F) were unexhausted because they were not fairly presented to the state court as federal claims and were procedurally defaulted because Petitioner would be precluded under Arizona rules from returning to state court to exhaust them. She found that Grounds 2 through 6 were procedurally defaulted because the state courts denied relief on those claims by invoking an adequate and independent state rule. She recommends that Petitioner has not shown cause and prejudice to excuse these defaulted claims, nor has he established that failure to excuse the defaults would result in a miscarriage of justice. Finally, Judge Willett reviewed subparts 7(B), 7(C), and 7(G)-(K) of Petitioner's ineffective assistance of counsel claims and found that they were without merit. She recommends that Petitioner's requested evidentiary hearing be denied because the record is adequately developed, and that the entire Amended Petition be denied and dismissed with prejudice. (Doc. 17 at 28). She further recommends denial of a Certificate of Appealability and leave to proceed in forma pauperis on appeal because "dismissal of a number of grounds in the Amended Petition is justified by a plain procedural bar and Petitioner has not made a substantial showing of the denial of a constitutional right in his remaining claims for relief." (*Id.* at 29). The parties were advised that they had "fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court." (*Id.*) (*citing* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72).

Petitioner filed an Objection and Affidavit (Docs. 18 & 19) and Respondents filed a Response (Doc. 20). Since filing his Objection, Petitioner has also filed multiple miscellaneous filings with the Court. (*See* Doc. 21, "Notice of Non-Representative Capacity"; Doc. 22, "Declaration of Status"; Doc. 23, "Notice of Non-Combatant Status"; Doc. 24, "Notice Withdrawal of Appearance/Rescission of Signatures of Suretyship"; Doc. 26, "Non-statutory Plea in Abatement in Exclusive Equity"; Doc. 27 "Declaration of Status"; and Doc. 28 "Notice and Order to Abate Cause for Lack of In Personem Jurisdiction, Abatement on the person of the Plaintiff/Respondent, Lack of Jurisdiction of

Subject Matter of the Action, Abatement of Process and for Want of Proper Parties"). Despite their different titles, all of these filings seek the habeas relief Petitioner asks for in his Amended Petition.[2]

### IV. Petitioner's Objections and Analysis

Petitioner makes several objections regarding Magistrate Judge Willett's findings that Grounds 1-6, and Ground 7(A), (D), (E), and (F) are defaulted without excuse. He also objects to her conclusions that the ineffective assistance of counsel claims in Grounds 7(B), 7(C), 7(G), and 7(I)-(K) are without merit.

#### A. Exhaustion of Federal Due Process Claim in Ground 1

Petitioner first takes issue with Magistrate Judge Willett's conclusion that he failed to exhaust his federal Due Process claim in Ground 1 in the state courts. (Doc. 18 at 5 (arguing that the Magistrate Judge "incorrectly concludes Petitioner failed to clearly present ground one as a federal claim in state court"). Ground 1 of Petitioner's Petition alleges that "[n]o reasonable factfinder could find the Defendant guilty of every element of the charged offenses that is necessary to satisfy due process guaranteed in the 5th and 14th Amendments of the U.S. Constitution." (Doc. 7 at 6).

In order to exhaust one's state court remedies, a petitioner's federal claims must have been "fully and fairly presented" in state court. *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To "fully and fairly present" a claim, a petitioner must present both the operative facts and the federal legal theory on which his or her claim is based. *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (at a minimum "the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation"). The requirement exists to ensure that the petitioner has "explicitly alerted" a state court that he is making a federal constitutional claim. *Galvan v. Alaska Dep't of Corrections*, 397 F.3d 1198, 1204-05 (9th Cir. 2005).

---

[2] To the extent Petitioner's post-Objection filings can be construed as Supplemental Objections to the R&R, the Court finds they are untimely and the relief requested therein is denied. Despite their untimeliness, the Court has reviewed the contents of these filings and finds their contents do not alter the conclusions herein.

- 6 -

Petitioner says he "explicitly alerted" the trial court that "his Rule 32 petition is pursuant to the 1st, 5th, 6th, and 14th amendments to the U.S. Constitution (b.s. 133), and that ground one is under the federal legal theory of Winship. (b.s. 139)." (*Id.*)  He further argues that he asked the appellate court to review his Rule 32 Petition. (*Id.*)

The Court has reviewed Petitioner's Rule 32 Petition and finds that Petitioner's general reference to the First, Fifth, Sixth and Fourteenth Amendments to the U.S. Constitution on the first, introductory page of his 25-page Rule 32 Petition  (Doc. 15-2 at 1) did not explicitly or fairly alert the PCR court that he was asserting a federal due process claim when he argued that no reasonable fact finder could have found him guilty of his crimes.  "Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory."  *Castillo*, 399 F.3d at 1003.  Petitioner's PCR Petition does not even reference the United States Constitution in his argument that no reasonable fact finder could have found him guilty of the crimes he was convicted of.  (*See* Doc. 15-2 at 5-6).  And although Petitioner's short reference to "See Winship" at the end of this argument (Doc. 15-2 at 7) is a closer call, the Court finds that this vague reference to the name of a federal case also did not fairly alert the PCR court that his claim was a federal one.  *In re Winship* is a Supreme Court opinion that affirms that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. 358, 364 (1970).  In that regard, it is a federal case that involves the legal standard for the federal constitutional violation Petitioner says he was asserting.  However, Petitioner did not include any case citation with his brief reference to "See Winship", did not include this case with the many others he listed in his Table of Authorities, and, again, did not reference the Federal Constitution or the Fifth or Fourteenth Amendments at all in this section.  Petitioner's reply brief in support of his Rule 32 Petition is equally void of reference to the U.S. Constitution or case law standing for a federal Due Process claim.  Because he did not explicitly or fairly identify he was asserting a federal claim to the state court, the court only reviewed and decided the due process claim under state law.  (*See* Doc. 15-5 at 38 (finding

- 7 -

that "a reasonable factfinder could have found defendant guilty of kidnapping (count one), aggravated assault/domestic violence (count two) and aggravated domestic violence by assault (count three)" and citing *State v. Swoopes*, 166 P.3d 945, 959 (Ariz. Ct. App. 2007))). Petitioner also did not argue that the PCR judge erred by failing to analyze the claim under federal law in his petition for appellate review. "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then present his claims to the Arizona Court of Appeals. *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).

In sum, Petitioner's isolated note to "See Winship" in his Rule 32 Petition cannot be said to fairly alert the PCR court that Petitioner was asserting a Fourteenth Amendment Due Process claim. Petitioner's objection to the Magistrate Judge's finding that he did not fairly present Ground One as a federal claim to the state court is therefore overruled.

**B.  Procedural Default of Grounds 1-6, 7(A), (D), (E), and (F)**

Magistrate Judge Willett found that Petitioner's Grounds 1-6, and Ground 7(A), (D), (E), and (F) were defaulted without excuse. Petitioner argues that these defaulted claims should be excused because (1) they are claims brought under Rule 32.1(h); and (2) his appellate counsel rendered constitutionally defective counsel.[3]

**1.  Preclusion of Grounds 1, 7(A), 7(D), 7(E), and 7(F)**

First, Magistrate Judge Willett found that Petitioner had failed to exhaust Ground 1 and Grounds 7(A), 7(D), 7(E), and 7(F) in the state courts, and that any subsequent state petition would be untimely, and thus precluded, under Arizona Rule of Criminal Procedure 32.4. (Doc. 17 at 9). She further found that none of the exceptions in Rule 32.1(d) through (h) applied to Petitioner's claims such that he could avoid the State's preclusion rules. (*Id.*

---

[3] In his Objection, Petitioner also conclusively reargues that the miscarriage of justice exception should apply to excuse his defaults and allow federal habeas review of his claims. (Doc. 18 at 3-4, 8). The Court rejects this argument for two reasons: one, because it is made without the requisite specificity warranting review, *Martin*, 2014 WL 5432133, at *2, and two, because Petitioner has entirely failed to "support his allegations of constitutional error with new reliable evidence. . ." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

- 8 -

at 10). She also found that allowing Petitioner to return to state court to exhaust these claims would be futile, because under Arizona's preclusion rules, the claims could have been raised and adjudicated on direct appeal or in a previous collateral proceeding. (*Id.* (citing Ariz. R. Crim. P. 32.2(a)(3)).

Petitioner asserts that Ground 1, Grounds 7(A), 7(D), 7(E), and 7(F) cannot be precluded because he brings these claims pursuant to Rule 32.1(h), the "actual innocence" exception to Arizona's preclusion rules. In Arizona, "[c]laims for relief based on Rule 32.1(b) through (h) are not subject to preclusion under Rule 32.2(a)(3). . ." Ariz. R. Crim. P. 32.2(b). Arizona Rule 32.1(h), the subsection Petitioner argues applies to his claims, states that claims arising under this section are not precluded under Rule 32.2(a) if "the defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt. . ." Ariz. R. Crim. P. 32.1(h).

The Court finds that Petitioner has failed to demonstrate what clear and convincing evidence exists to support these claims such that they should not be precluded under Rule 32.2(a)(3). He conclusively argues, "[t]he underlying facts of said claims would be sufficient to establish that no reasonable fact finder would have found guilt beyond a reasonable doubt, as many of the claims relate to the state manipulating the jury as to the elements of the charged offenses." (Doc. 18 at 8). As an initial matter, this objection lacks sufficient specificity – Petitioner fails to identify what "underlying facts" he is referring to that purportedly make such a showing – and is overruled on that basis. Notwithstanding, the Court has thoroughly reviewed the record and finds that Petitioner also has not provided any evidence rising to the level of "clear and convincing" that would sufficiently establish that a reasonable fact-finder would not find him guilty of the aggravated assault and kidnapping charges beyond a reasonable doubt. Moreover, even if such evidence existed, the Petitioner has failed to justify why he failed to present these claims to a state court for first review. *See* Ariz. Rule Crim. Proc. 32.2(b)(3) ("[W]hen a defendant raises a claim that falls under Rule 32.1(b) through (h) in a successive or untimely post-conviction notice,

the defendant must explain the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner. If the notice does not provide sufficient reasons why the defendant did not raise the claim in a previous notice or petition, or in a timely manner, the court may summarily dismiss the notice."). Thus, Petitioner's objection that Ground 1, Grounds 7(A), 7(D), 7(E), and 7(F) cannot be precluded because he brings these claims pursuant to Rule 32.1(h) is overruled.

### 2. Preclusion of Grounds 2-6[4]

Petitioner next argues that his failure to make his Grounds 2-6 claims on direct appeal should be excused because he did not authorize his appellate counsel to "waive his constitutional rights or the claim that the state used purgered [sic] testimony." (Doc. 18 at 5). Petitioner says his appellate counsel's failure to raise the claims in Ground 2-6 on direct appeal amounted to ineffective assistance of counsel and constitutes cause to excuse the procedural default of these claims. (*Id.*)

An appellate counsel's failure to preserve an issue for appeal can establish cause to excuse a procedural default if the failure was "so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).[5] Claims of ineffective

---

[4] Petitioner also contends that the Magistrate Judge erred in concluding that the trial court "ruled on ground three as a subclaim of ground two." (Doc. 18 at 7). He says "[t]he trial court doesn't even consider the claims in ground two itself, other than the setting of the bond, therebye [sic] leaving ground two and three unadjudicated as a matter of law." (Doc. 18 at 7). This argument is without merit. The trial court found that all of Petitioner's claims for vindictive and malicious prosecution were precluded because he failed to raise on them on direct appeal. (Doc. 15-5 at 39). The trial court alternatively found these claims were without merit, and in part because there "was no error in the charging process." (*Id.*) Accordingly, this objection is overruled.

[5] As the Magistrate Judge noted, a petitioner must have fairly presented the ineffective assistance of appellate counsel claim in the state court as an independent claim before a federal habeas court can consider whether the ineffective assistance of counsel claim can be considered cause to excuse a procedural default. (Doc. 17 at 14) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451-52). The Court finds that Petitioner fairly presented his ineffective assistance of appellate counsel claims to the PCR court. (*See* Doc. 15-2 at 27-28). But the Court also finds, as discussed *infra*, that the PCR court's dismissal of Petitioner's independent ineffective assistance of counsel claims was not "an unreasonable application of[] clearly established Federal law" and was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). The fact that Petitioner's independent ineffective assistance of counsel claims lack merit underscores the conclusion that appellate counsel's conduct does not and cannot constitute cause to excuse Petitioner's procedural defaults.

- 10 -

assistance of appellate counsel are reviewed according to the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, Petitioner must show that counsel's advice fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, Petitioner would have prevailed on appeal. *Id.* at 688, 694. In short, Petitioner must show constitutionally deficient performance and prejudice to his case.

Petitioner says he disagreed with the content of the brief submitted by his appellate counsel. He says that "[a]gainst [his] express denial of authority to counsel to submit the brief, appellate counsel submits a weak brief which omitted claims which were 'presented for review' and argued claims that did not exist in fact." (Doc. 18 at 5-6).

A counsel who has consulted with a defendant can perform in a professionally unreasonable manner by failing to follow the defendant's express instructions about an appeal. *Roe v. Ortego-Flores*, 528 U.S. 470, 471 (2000). But the alleged disagreement between Petitioner and his appellate counsel as to which arguments to include or omit in his opening brief does not amount to constitutionally ineffective assistance of counsel that excuses the procedural default of the claims in Grounds 2-6. *See Murray v. Carrier*, 477 U.S. 478, 535 (1986) ("The mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default."). *See also Davila v. Davis*, 137 S.Ct. 2058, 2067 (2017) ("Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed."). Petitioner made similar arguments in his Amended Petition briefing. The Magistrate Judge correctly characterized Petitioner's ineffective assistance of appellate counsel claims – which faulted him for "waiv[ing] his constitutional rights" and not arguing that the state used perjured testimony (Doc. 18 at 5) – as vague and cursory, and found that such assertions could not serve to excuse Petitioner's procedural defaults. (Doc. 17 at 15-16) (citing *Murray*, 477 U.S. at 478 ("'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate

advocacy")); *see also Morales v. Holland*, 155 F. Supp. 3d 1048, 1053 (C.D. Cal. 2015) ("A cursory and vague claim of ineffective assistance is insufficient to establish a *Strickland* violation.") (citing *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)). This Court agrees.

Petitioner has not met his burden of showing deficient performance or resulting prejudice to his case under *Strickland*. Namely, he has not shown that "his appellate counsel's Opening Brief omitted claims and arguments that were stronger than the claims and arguments that counsel did present." (Doc. 17 at 27). Petitioner's ineffective assistance of appellate counsel claims are vague and lack merit, and thus Petitioner cannot satisfy either of the *Strickland* prongs. Petitioner's objection to the Magistrate's finding that Petitioner's alleged ineffective assistance of appellate counsel should not excuse his procedural defaults of Grounds One through Six is thus overruled.

### C.  Merits of Grounds 7(B), 7(C), 7(G), and 7(I)-(K)

Petitioner argues that the Magistrate Judge erred in finding that Grounds 7(B), 7(C), 7(G), and 7(I)-(K), all of which assert ineffective assistance of counsel claims, were meritless.

#### 1.  Standards of Reviewing Merits Claims

In his Objection, Petitioner does not challenge the Magistrate Judge's discussion of the relevant legal standards, including the strict standards to establish ineffective assistance under *Strickland* and the highly deferential standard for habeas relief under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Rather, Petitioner claims the Magistrate Judge erred in the conclusions she reached upon applying these legal standards.

Under the AEDPA, a habeas corpus petition cannot be granted unless the State court decision was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). "[A] federal habeas court

may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). "Rather, that application must be objectively unreasonable." *Id.* at 76. The petitioner bears the burden of proving the standards for habeas relief have been met. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). When applying this highly deferential standard of review, "the federal court should review the 'last reasoned decision' by a state court…" *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

Again, to prove ineffective assistance of counsel under the Sixth Amendment, a petitioner must show both deficient performance and prejudice. *See Strickland*, 466 U.S. at 687. To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Id.* at 690. When reviewing counsel's performance, the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Thus, review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689.

In addition to showing counsel's deficient performance, a petitioner must establish that he suffered prejudice as a result of that deficient performance. *Id.* at 691-92. The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). It is not enough to merely show "that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. A habeas court may proceed directly to the prejudice prong without deciding whether

counsel's performance was deficient. *Id*. at 697; *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000). The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson*, 211 F.3d at 1155.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Establishing that a state court's application of *Strickland* was unreasonable under AEDPA "is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "The standards created by *Strickland* and Section 2254(d) are both highly deferential; and when the two apply in tandem, review is doubly so." *Id.* (internal quotations and citations omitted). "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland'*s deferential standard." *Id.*

A review of the procedural history in this case shows that the last reasoned opinion addressing the claims in Grounds 7(B), 7(C), 7(G), and 7(I)-(K) is the Arizona Court of Appeals' ruling that affirmed the trial court's denial of Petitioner's PCR Petition. (Doc. 15-5 at 653). In the Arizona Court of Appeals' order, it recognized that the PCR court dismissed Petitioner's PCR petition "in an order that clearly identified and correctly ruled upon the issues raised. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, '[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision.'" (*Id.* at 654). Because the Arizona Court of Appeals adopted the trial court's reasoning into its decision, this Court considers the trial court's decision as part of the review of the Arizona Court of Appeals' decision. *Amado v. Gonzalez*, 758 F.3d 1119, 1130 (9th Cir. 2014) (explaining that when the last reasoned decision is a state appellate court decision which adopts or substantially incorporates lower state court decisions, the lower state court decisions may be reviewed as part of the review of the state appellate court's decision).

    **2.**    **Ground 7(B)**

Petitioner first argues that his trial counsel performed in a constitutionally

ineffective manner when he presented the "child in common defense" during his trial. Petitioner says the defense was easily discredited and his counsel's "failure to investigate the lone disclosed defense is objectively unreasonable and constitutes deficient performance." (Doc. 18 at 10). The PCR court soundly rejected this argument, finding whether to pursue this defense was a "matter of trial strategy" and "understandable" because counsel had "little else to work with in defending Defendant." (Doc. 15-5 at 52). The PCR court concluded that under *Strickland*, Petitioner had no colorable claim for ineffective assistance of counsel on these grounds. (*Id.*)

Petitioner has failed to demonstrate how the state court decision dismissing this claim was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or was based on an unreasonable determination of the facts. *See* 28 U.S.C. §§ 2254(d)(1), (2). Petitioner merely reiterates the same arguments he made to that court in his Amended Petition. The PCR court clearly identified the correct standard in assessing the ineffective assistance of counsel claim, and found that not only was trial counsel's decision to raise the defense not deficient performance, it was "understandable" under the circumstances. This is not an objectively unreasonable application of the facts to the law. Petitioner's objection is overruled.

### 3. Ground 7(C)

In Ground 7(C), Petitioner claims his trial counsel was ineffective by failing to object to the admissibility of a letter the victim had written in his defense in another criminal action against him, in which she was also the victim. Without record support, Petitioner contends that the prior case was "dismissed in the interest of justice due to [the victim] making 'false statements.'" (Doc. 18 at 10). The letter was admitted in this case, Petitioner claims, because his counsel objected to "'foundation' only, and not to [the letter's] admissibility." (Doc. 18 at 10). He says he is "utterly perplexed" at the Magistrate Judge's finding that the letter was relevant to the intent elements the prosecutor had to prove for his assault and kidnapping charges. (*Id.* at 11).

This Court cannot conclude that the PCR court applied *Strickland* in an objectively

unreasonable manner in denying relief on this ineffective assistance of counsel claim. As the state judge noted, "[Trial counsel] could not have prevented the admission of trial exhibit 20." (Doc. 15-5 at 52). "Defendant's choking attack on [the victim] in the present case was fueled by Defendant's dissatisfaction with the composition of the letter [the victim] was writing on Defendant's behalf in an attempt to obtain dismissal of [the other criminal action]. . . Ex. 20 was relevant in proving Defendant's intent in the charges of kidnapping and aggravated assault/dv" under Arizona Rule of Evidence 404(b). (Doc. 15-5 at 52). There is no error in this analysis. Even had Petitioner's trial counsel made an objection on admissibility, it would have been overruled: the letter was evidence of why the Petitioner attacked the victim – namely, because he was dissatisfied with the statements she was making therein. It was therefore highly relevant to his intent, and thus, admissibile. Failure to raise a futile objection at trial does not amount to constitutionally deficient representation. *James*, 24 F.3d at 27 ("Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel."). Because Petitioner cannot establish deficient performance or prejudice under *Strickland*, his objection to this finding is also rejected.

### 4. Ground 7(G)

Petitioner next objects to the Magistrate's finding that no constitutional error was committed by Petitioner's trial counsel when he failed to offer a photo of Petitioner's bedroom. Petitioner claims the photo, which was "time-stamped from weeks previous" to the incident (Doc. 7 at 57), would have "showed that the door to Mr. Torres' bedroom could not close as [the victim] testified and there were multiple stacks of compact discs that blocked the entrance way making it impossible for a person to be dragged into this room on the ground as [the victim] testified." (Doc. 7 at 56). In his Objection, Petitioner asserts the photo would have been "empirical exculpatory evidence affirmatively refuting the testimony regarding both the element of 'restraint' and 'intent' in the kidnapping charge." (Doc. 18 at 11). He says the PCR court unreasonably applied *Strickland* when the court only addressed the lack of prejudice of the photo to the aggravated assault/DV charge,

which occurred outside. (Doc. 15-5 at 55-56 (finding "whether there were compact disks in the doorway did not affect the jury finding Defendant guilty of assaulting [the victim] in front of Defendant's residence")).

But Petitioner cannot establish that there is no reasonable argument as to why his counsel opted to not offer the photo as evidence. When § 2254(d) and *Strickland* apply in tandem, the Court does not ask whether counsel was reasonable in his actions, but instead, "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105. Here, there are several reasonable arguments that Petitioner's trial counsel performed as he did. First, counsel could have determined that the photo was irrelevant to Petitioner's defense. Indeed, Petitioner fails to explain how the photo would negate the elements of restraint and intent in his kidnapping charge. In his Amended Petition, he describes the photo as "time-stamped from weeks previous." (Doc. 7 at 57). Accordingly, and as pointed out by the Respondents, even if the photo would have revealed that Petitioner's bedroom doorway was blocked by CDs "weeks" before the event, it does not establish that that the door was blocked or that he could not have dragged the victim into the room on the day of the event. Second, counsel could have decided the photo would in fact *not* serve to impeach the victim in any meaningful way. The PCR court, having presided over Petitioner's trial and observed the Petitioner and the victim testify, found that "Defendant was an incredible witness and [the victim] was a credible witness." (Doc. 15-5 at 36-37). Moreover, other aspects of the victim's testimony, as well as corroborating medical evidence, supported the charge that Petitioner acted with the intent to restrain her such that he was guilty of kidnapping. (*See e.g.*, Doc. 15-6 at 86-87 (victim testimony that after she was dragged back into the house, Petitioner started closing all the doors and windows and telling her "[h]e would rather do . . . prison time for—getting rid of [her] than having to deal with all the stuff that he's going through.")). Petitioner cannot meet his burden of establishing that his counsel was deficient in failing to offer the photo, or that Petitioner was prejudiced by any such failure. His objection is thus overruled.

/ / /

### 5. Grounds 7(I), (J), and (K)

Grounds 7(I), (J), and (K) of Petitioner's Amended Petition all raise claims of ineffective assistance of his appellate counsel. (*See* Doc. 7 at 57-58 (arguing (1) that appellate counsel listed, but failed to brief, the argument that the trial court committed error by considering aggravators at his sentencing when the jury did not find aggravating factors; (2) that counsel performed deficiently by arguing sentences imposed should not run consecutively even though his sentences were not imposed consecutively; and (3) counsel failed to raise "the knowing use of perjured [sic] testimony by the State and the State violating [Petitioner's] constitutional rights throughout the entire proceedings" in his opening brief)). The Magistrate Judge recommends dismissal of these subclaims on the grounds that they are vague and because the state court did not unreasonably apply *Strickland* when it rejected them. (Doc. 17 at 27).

In his Objection, Petitioner states again that "he told appellate counsel 'he did not authorize' counsel to waive his constitutional rights or the claim the state used perjured testimony," and therefore has "established that appellate counsel acted in an objectively unreasonable manner and offered difficient [sic] performance." (Doc. 18 at 12).[6] In reviewing these claims, the PCR court found that Petitioner failed to raise colorable claims. (Doc. 15-5 at 57-58). It specifically found that Petitioner had failed to identify both the alleged perjured testimony or constitutional rights that had been violated and had failed to provide any legal analysis supporting those assertions. (*Id.* at 58). Petitioner does not elaborate on these subclaims in his Amended Petition, or explain why he could not do so below. "A cursory and vague claim of ineffective assistance is insufficient to establish a

---

[6] Petitioner also argues in his Objection that "grounds 7(I-K) are not separate claims," and that "[i]t is objectively unreasonable for the court at any level to take a claim, . . . and separate the 'cause' and 'prejudice' into subclaims then dismiss the 'cause' for not showing prejudice and the 'prejudice' claims for not showing 'cause.'" (Doc. 18 at 12). The Court finds this objection lacks clarity. Cause and prejudice are required showings to excuse claims that have otherwise been defaulted in state court. As previously discussed, the Court found that Petitioner has not shown that the alleged ineffectiveness of his appellate counsel establishes cause or prejudice to excuse his defaulted claims. The state court and the Magistrate Judge, however, also assessed whether Petitioner had established viable *independent* claims of ineffective assistance of appellate counsel. As discussed, this showing requires a petitioner to show both deficient performance and prejudice to the petitioner, *Strickland*, 466 U.S. at 687, a showing that Petitioner has not met.

- 18 -

*Strickland* violation." *James*, 24 F.3d at 26 ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."). In sum, the Court cannot find that the state court's decision dismissing these claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (2). It certainly cannot find that there is no reasonable argument to be made as to why Petitioner's appellate counsel opted to not made these vague arguments. This objection is also overruled.

## V. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Magistrate Judge Willett's R&R (Doc. 17) is **ACCEPTED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Non-Statutory Pleas in Abatement in Exclusive Equity (Doc. 26) and "Notice and Order to Abate Cause for Lack of In Personam Jurisdiction, Abatement on the Person of the Plaintiff/Respondent, Lack of Jurisdiction of Subject Matter of the Action, Abatement of Process and for Want of Proper Parties (Doc. 28) are **DENIED.**

**IT IS FURTHER ORDERED** that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) is **DENIED** and **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal is **DENIED** in part because Petitioner has not made a substantial showing of a denial of a constitutional right and in part because dismissal of the Petition is justified by plain procedural bars and jurists of reason would not find the procedural rulings debatable.

/ / /

/ / /

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 11th day of February, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge